## MANDELSTAM v. UNITED STATES (No. 2439)[1]

1. RELATIVE SPECIFICITY—PARAGRAPH 1305, TARIFF ACT OF 1922—PHOTOGRAPHIC AND OTHER SURFACE-COATED PAPER.

Paragraph 1305, Tariff Act of 1922, provides at one rate for "paper * * * surface coated for photographic purposes," and at another for "papers wholly or partly covered with metal or its solutions." The description of such paper for one use is clearly more specific than that of such paper for many uses.

2. X-RAY SCREENS.

X-ray screens of paper coated with a metal solution, used to aid in X-ray photography by converting the X-rays into light rays, are dutiable under paragraph 1305, Tariff Act of 1922, as "paper otherwise surface coated for photographic purposes" rather than as surface-coated paper or "papers wholly or partly covered with metal or its solutions."

United States Court of Customs Appeals, May 4, 1925

APPEAL from Board of United States General Appraisers, Abstract 47224

[Affirmed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellant.
*William W. Hoppin*, Assistant Attorney General (*Margaret M. Burnet*, special attorney, of counsel), for the United States.

[Oral argument Mar. 27, 1925, by Mr. Tompkins and Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

X-ray screens of paper coated with a metal solution were classified by the collector of customs at Chicago as surface-coated paper for photographic purposes and assessed for duty at 3 cents per pound

[1] T. D. 40882.

and 20 per centum ad valorem under that part of paragraph 1305 of the Tariff Act of 1922, which reads as follows:

> 1305. * * * albumenized or sensitized paper *or paper otherwise surface coated for photographic purposes*, 3 cents per pound and 20 per centum ad valorem. (Italics not quoted.)

The importer protested that the merchandise was not used for photographic purposes and that it was dutiable at 15 per centum ad valorem and 5 cents per pound under that part of paragraph 1305 which reads as follows:

> 1305. * * * Paper with coated surface or surfaces not specially provided for, 5 cents per pound and 15 per centum ad valorem; * * * papers wholly or partly covered with metal or its solutions * * * 5 cents per pound and 15 per centum ad valorem. * * *

The Board of General Appraisers overruled the protest and the importer appealed.

It appears from the record that the X-ray screens are composed of paper coated with a metal solution known as calcium tungstate. The screens are designed to be used in the making of X-ray photographs and for that purpose two of the screens are pasted or glued on the inside of a photographic appliance used by photographers and known as the cassette. A photographic film is placed between the two screens, which, due to the coating of calcium tungstate, fluoresce when subjected to the action of X rays generated in a Coolidge tube. The screens absorb 99 per cent of the X rays and convert such rays into light rays which produce the same effect on the photographic film as ordinary light rays produce on a kodak film. In simpler terms, any object interposed between the generator and the X-ray screen is reproduced in light rays on the screen, thereby intensifying the image to be taken and shortening the exposure about six times. The screens are not sensitized and do not retain the image when the X rays are turned off. The screens apparently have no purpose other than that of intensifying the image on the sensitized film, which, after being developed, retains and records the picture.

The record discloses that the importation is a surface-coated paper weighing 15 pounds or more per ream of 480 sheets "on the basis of 20 by 25 inches." Paragraph 1305 lays a duty of 5 cents a pound and 15 per centum ad valorem on that class of surface-coated paper. The uncontradicted testimony in the case establishes that the screens are used exclusively for the making of radiograms or radiographs and for *X-ray photographic purposes only.* The paragraph imposes a duty of 3 cents per pound and 20 per centum ad valorem on albumenized or sensitized paper or *paper otherwise surface coated for photographic purposes.* It is apparent therefore that the goods are provided for at different rates by two provisions of the same paragraph, and that the screens would be dutiable under either

provision if the other did not exist. Both provisions are in force, however, and that provision must be preferred which is the more limited in scope and consequently the more specific. As the provision for surface-coated papers used for photographic purposes embraces nothing more than surface-coated papers devoted to one use, we must hold that it is clearly narrower and more specific than a provision for surface-coated papers the use of which is not designated or limited. Even if both provisions were *equally* applicable to the goods, *paragraph 1460* requires that duties must be assessed under the provision carrying the higher rate. The X-ray screens were dutiable as assessed and the judgment of the board is therefore *affirmed.*